13-3674 Lexon Insurance Company v. Devinshire Land Development LLC. Oral argument not to exceed 15 minutes for the appellant. Mr. Houston for the plaintiff appellant. Morning. May it please the court, my name is James Houston and I represent Lexon Insurance Company in this matter. Your Honor, this is a fairly straightforward jurisdiction matter that's before you this morning. Respectfully, the district court erred in determining that it lacked personal jurisdiction over the corporate defendant or LLC defendant, in this case Devinshire Land Development. I'll refer to that entity as DLD throughout the argument today. The court erred principally because it determined that DLD did not have sufficient contacts with Ohio, which was the forum state that would manifest or generate sufficient contacts to exercise personal jurisdiction. That decision, that opinion, was in error for many reasons, not the least of which the court unfortunately ignored the central contracts at issue, in this case, seven specific bonds issued by my client, securing the performance of construction work performed by DLD. Those bonds were negotiated in Ohio? They were, Your Honor. They were executed in Ohio? They were, Your Honor. There were seven separate bonds. The development at issue here was called Queens Gap. It was a subdivision in North Carolina. DLD, at the time the bonds were executed, was principally owned by a gentleman named Devin McCarthy, a resident of Indian Hill here in Cincinnati. Mr. McCarthy, over the course of two separate years, 06 and 07, secured the bonds for phase one and phase three of the project through my company, Lexon's Columbus based insurance broker. So the bonds at issue in this case, frankly, we would not be in federal court and be pursuing an action against Lexon and previously the indemnitors who have since been dismissed, but for the bonds. The bonds are the critical contract that present the nexus between this court and the defendant, DLD. Counsel, I'm looking at an excerpt from Total Quality Logistics and Ohio Court of Appeals case which talks about whether there's jurisdiction when you have foreign companies that are doing business in Ohio. And in addition to looking to whether the contract was negotiated in Ohio, it says there must additionally be some continuing obligation that connects the non-resident defendant to the state or some terms of the agreement that affect the state. Is that just wrong? Well, there are two points in response. That is a case that was cited by the district court and I pulled and read it and I believe that the . . . I'm asking about that language there. Is that language right or wrong? It's wrong, Judge. Judge Rogers. It's just wrong? I believe it's an error and the reason I think it's an error is that I think it misconstrues the principles that undergird the long arm statute analysis, which is whether or not an entity was transacting business in Ohio. I think the appropriate standard is not whether there are ongoing continuous connections with the forum state, but whether the minimum contact that generates . . . So you would say, just to strip away everything, if two parties from foreign states meet in Ohio and negotiate and sign an instrument, a contract, which provides for performance in another state, depending on something that you would say, nonetheless, the long arm jurisdiction would apply to that. And that's just sort of a simplified hypothetical. You would say yes? I would say a qualified yes, but based on the facts of this case, because I think the facts of this case . . . Well, I'm asking a hypothetical. I understand. Then I'm gonna get to the facts of this case. Okay. You have two people who enter into a contract in Ohio. They sit down at a table and say, if you, in state three, do X, I will pay you so much money in state Y. That's a contract, right? It is. Is that enough? I think it would be. Are there cases . . . It seems like a simple example. Are there cases that support that? I think . . . That's sort of like what's happened here, right? It isn't, and I'll explain why. Why isn't it? Because . . . Oh, you say because there are even more contacts. Correct. All right. But if that's all, you would still say there was enough. I would, and I can't cite you Jones v. Smith or a specific case that states such. Well, it's not good. It seems like a simple example. Why isn't it in Contracts 1? I mean, I don't know. Well, to my client's benefit, Judge, I would argue that the hypotheticals is, whether I meet . . . whether my answer is correct in your view under the terms of the hypothetical, doesn't apply to this case, because the facts in this case demonstrate they're correct. There are significantly more contacts, and . . . I can't agree that this is as straightforward a case as you want us to consider it. I also can't agree that the district judge made all these errors that you suggest. The claims here that your client wants to act on are for breach of contract based to address the inability to pay the premiums on the bonds, right? There are two issues. The premium . . . No, answer my question. Yes or no? That's correct. All right. And the acts were caused by Devonshire in North Carolina, in Rutherford County, as a North Carolina company, right? Correct. All right. You're . . . No, you may not. The argument you want us to accept is that, and you said this, the . . . Devonshire reached into Ohio to procure the bonds. If they hadn't done that, there wouldn't have been any bonds. There wouldn't have been any breach of the bond agreements, and there wouldn't have been any litigation. I think the district judge found that that's far too attenuated to construe contacts with Devonshire on that contract you're suing on with the state of Ohio, and I think his judgment was very well reasoned. I respectfully disagree, Judge Murphy. I think if we can look at the context within which the bonds were executed, that might provide some additional context that would provide a greater understanding of the argument that we've made. The court needs to like when a home is purchased, you have a note and a mortgage. When bonds are issued to secure the performance of construction projects anywhere in the United States, Ohio, North Carolina, Nevada, wherever, when my client, Lexon, issues bonds, concomitant with the issuance of the bonds is the execution of an indemnity agreement. That is standard. So whenever a bond is pursued by an insurance company such as my client, one acts not only in the bonds but on the indemnity agreements as well. In this case, we had indemnitors who were located in Ohio. Those indemnitors, particularly Mr. McCarthy, was the principal member of Devonshire Land Development. We had a decision to make as the bonding company in pursuing not only Devonshire Land Development, who also, by the way, signed the indemnity agreement through Mr. McCarthy, the Ohio resident in Ohio. Where were we going to file suit? So for purposes of rationality and the forum, where we knew we would have the most... Okay. All right. I respect all that. Lexon is a Texas company principally based in Tennessee, if I'm correct, right? You're correct, Judge. Okay. It seems to me, I don't know what the nature of Lexon's business is in North Carolina, but it seems to me that Tennessee is close enough to North Carolina that you could have filed a diversity action in Rutherford County and you could have clearly filed a diversity action in the, I believe the... I can't even remember the district now, of North Carolina. Why do we have to litigate where you should be when the district court found here, quite simply, that there aren't enough contacts to bring you in arising from the contract to trigger the long-arm statute? Respectfully, Judge Murphy, I would have been having the same argument with the Fourth Circuit in North Carolina with relation to the indemnitors. The standard is not whether I have to have perfect contacts or maximum contacts. The question is, did Devonshire Land Development have minimum contacts with the state of Ohio? We believe they did, both under the long-arm statute and the dictates of due process. For example, DLD, from the date it was incepted by an Ohio attorney, mind you, it applied... This is another solicitation of the benefits of this form state. It applied with the Ohio Secretary of State to do business as a foreign entity licensed to do business in Ohio. And when you look at the actual form, which I did, and just by way of discussion here, I checked on Monday, they're still licensed as a statute that undergirds it, requires you to list the name of your entity under which you desire to transact business in Ohio. DLD not only filled out that form, it's maintained that form for literally years, and they provided an agent for service of process in Ohio. That is a direct solicitation of the benefits of Ohio. I think, frankly, it's an extremely close case, and I have to ask, don't you think it comes down to the way the court construes the district court's language regarding the acts of Devin McCarthy? I mean, we can either... Unless I'm missing something, and for whatever reason the other side hasn't filed a brief, there aren't any cases that clearly resolve this particular litigation. We have to determine as a court of law whether or not the continuing obligation that the court below did not find is present here. You want us to say that there was one, you discussed that with Judge Rogers, the district court found that there wasn't. I don't see any... It's almost a coin flip, isn't it? I don't... In the first part, yes, I do believe that this court needs to go through the analysis you suggest, Judge Murphy. I respectfully do not believe it's a coin flip, and here's the reason. Judge Barrett, in his decision, framed the decision very much as almost a one off type of contact. He focused very narrowly on a couple of different points of contact that DLD had with the form state and seemed, in my view, and I could be wrong, but seemed to characterize this case as one where the contacts were very attenuated. That's simply not the case. We lay out in bullet point form in our brief all of the various contacts that DLD had with Ohio. Many of them, which I've already mentioned, relating to the bonds, deal directly with the contract that issued, but others don't. Although they don't, they provide an additional factual basis rendering the exercise of personal jurisdiction here eminently appropriate. They hired... All those contacts were laid out similarly for Judge Barrett? Yes, Your Honor. The contacts that don't relate expressly to the bond issue in this case, but relate to their continuing contacts were laid out for the judge, yes. And I can, if you'd like... What didn't he have? I take it from your answer that this court has the benefit of more information than Judge Barrett had. Judge Cook, if I gave that impression, I was... Not suggesting that the judge was deprived, I'm just respectfully suggesting... So everything is there, everything that we have, he had. Yes, ma'am. Judge Barrett had. Thank you. Yes, you're welcome. I must say I'm a little uncomfortable with the ex parte nature of all of this. Is it clear that your opposing party has notice of this appeal? Yes, in the lower case, the land development company, DLD, was represented by counsel. And then the counsel withdrew? That's correct. And I... So whoever's representing him, we don't know who it is, so he obviously doesn't know about the district court suit or the court of appeals suit? That I can't say, Judge Rogers, because what I did is all I'm capable of doing with, in consultation with the clerk of this court, I made every effort to ensure that the present owner of the entity, a gentleman named Keith Vinson, was aware of the suit, of this particular appeal. Was served? Yes, ma'am. And that's all I can do. I would respectfully disagree that this is an ex parte hearing. Well, it's not ex parte in an ethical sense, but it's a... You're the only... We're not hearing the only... You're asking... I mean, if we were gonna affirm, I could do that comfortably because you are... We hear both sides. I mean, we decide, notwithstanding your arguments, but if we are to reverse, we're reversing somebody who hasn't... Been here and articulated either in brief or argument, and it appears that the... I mean, who knows why, but it's not a comfortable situation for a court to rule against a party that's just not before it. I understand. I'm sorry to interrupt, Judge. I thought they made a tactical decision not to appear because they didn't think there was any jurisdiction, but you're saying that's not true to the best of your knowledge. Yes, Judge. I cannot say one way or the other why the decision not to appear was made. If, in fact, it was an affirmative decision, I just plainly don't know. They did appear below, and then the lawyer withdrew. Correct. That's exactly right, Judge. Lawyer withdrew. I mean, for all we know, the party... He didn't get paid. Ran out of money and then couldn't get another lawyer, and so just went and crawled in a hole or something. It is possible. Yeah. But if we were to reverse, you're gonna have to go and find them. It just would have been nicer if you went and found them... Oh, I certainly understand. First. And I appreciate that. And with regard to the level of discomfort or discomfort the court may have in remanding this case, I would respectfully suggest that there's an additional... What will happen should we agree with you in reverse? How will that proceed, then? We will proceed. This is not a matter of the record, but in response to your question, since this has been pending for so long... I'm asking you to predict what you're gonna do. What I'm gonna do is I'm gonna amend  the work that DLD didn't perform, and I'm gonna seek recovery for every bit of that $8 million against DLD, who owes my client that money. Yeah, but you gotta contact somebody, right? I will. I mean, it's on me to do my best to make sure that I can get them in court and appear pursuant to all of the requirements of due process and so forth, and I'll do that. Are the bonds personal? The bonds... The indemnitors or... The indemnitor, the personal nature of the obligation flows from the indemnity agreements. The bonds are issued and simultaneously are close to it. You have parties personally? We do. We sued Mr. McCarthy, other indemnitors. There has been a settlement agreement reached with at least two, if not three of them. So my action in the lower court would be principally, if not only, against DLD. Basically, if I oversimplify, you had to pay because you were the security. Correct. And now you're due to have to pay under the contract. Correct. And more importantly, judge, from our perspective, not only did they cause the damage, but they entered into a contract, both... The two actually, the bonding agreement... The bond and the indemnity agreement where they promised to hold us harmless. And it would be unjust, in my view, to deny us that opportunity here in this forum, given the nexus that we've laid out. Do you think that... I'm sorry to prolong this, but just one final question. Do you think the argument you're making, and is there any law to support your position that the issuance of the bonds and the attenuated steps that I went through would be considered proximate cause for the claims that you have against Devonshire based on their activities in North Carolina? Meaning, could I prove in the district court that they proximately caused the damage on a breach of contract there? Yeah, of course. Yes. The bonds are clear as a well. We are securing certain improvements in a subdivision development called Queens Gap that were not completed. We paid the money to complete that particular set of improvements. And that nexus will be very easy to prove. And in fact, I just proved it, this exact same nexus in the Cook County court through affidavit on a summary judgment motion. So it's readily done, it's done frequently, and I've done it as of this week. Proximate cause is one of those things that, as I mentioned before, there aren't cases that say, this is proximate cause and this is not. This is a case where you believe there's proximate cause to create the claims Judge Barrett felt there was not, and you're asking us to say you're right and Judge Barrett was wrong. That's the long and short of it. Well, with one minor clarification in my view, I don't believe Judge Barrett reached the issue of proximate cause. I think he was focused exclusively on the personal jurisdiction analysis. Alright. Thank you. Alright, Judge. Thank you very much. Have a good day. Case will be submitted. Please call